UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TROY MOZELL

    v.

WARDEN MACDOUGALL-WALKER

PRISONER
Case No. 3:11cv1108(JCH)

**ORDER**

The petitioner, Troy Mozell, is an inmate currently confined at the Radgowski Correctional Institution in Uncasville, Connecticut. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1993 convictions for possession of narcotics with intent to sell and conspiracy to sell narcotics.

The petitioner alleges that a judge sentenced him to a total effective term of imprisonment of seventeen years, suspended after thirteen years, followed by five years probation. On January 31, 1995, the Connecticut Appellate Court affirmed the conviction. *See State v. Mozell*, 36 Conn. App. 672, 652 A.2d 1060 (1995). The petitioner did not file a petition for certification to appeal the decision of the Connecticut Appellate Court.

In July 1995, the petitioner filed a petition for a writ of habeas corpus in state court on the ground that he was afforded ineffective assistance of appellate counsel. In 1997, the court dismissed the petition. *See Mozell v. Pelkey*, No. NNH-CV95-

0376371-S (Conn. Super. Ct. April 24, 1997). On February 16, 1999, the Connecticut Appellate Court affirmed the dismissal of habeas corpus relief. *See Mozell v. Commissioner of Correction*, 51 Conn. App. 818, 725 A.2d 971 (1999). The petitioner then had twenty days to file a petition for certification to the Connecticut Supreme Court. *See* Conn. Practice Book § 84-4. The petitioner did not file a petition for certification to appeal to the Connecticut Supreme Court.

On May 21, 1999, the petitioner filed a second state habeas petition raising claims of ineffective assistance of trial, appellate and habeas counsel. On September 25, 2008, a judge denied the petition. *See Mozell v. Warden*, No. CF990426435S, 2008 WL 4635837 (Conn. Super. Ct. Sept. 25, 2008). On April 6, 2010, the Connecticut Appellate Court affirmed the denial of habeas corpus relief. *See Mozell v. Commissioner of Correction*, 120 Conn. App. 902, 990 A.2d 391 (2010) (*per curiam*). On May 26, 2010, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the Appellate Court. *See Mozell v. Commissioner of Correction*, 297 Conn. 906, 995 A.2d 634 (2010).

On June 27, 2011, the petitioner commenced this action seeking a writ of habeas corpus. The petitioner does not indicate the specific claims he seeks to raise. Instead, he simply refers the court to attached documents. Rule 8(a) of the

Local Rules for the District of Connecticut requires that a petition for writ of habeas corpus "contain a short and plain statement of the claim made and the relief sought." The petitioner has not complied with this rule.

In addition, it is evident that the petition is barred by the statute of limitations. Federal habeas corpus statutes impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court. See 28 U.S.C. § 2244(d)(1) (2000). The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending. See 28 U.S.C. § 2244; *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.), *cert. denied*, 534 U.S. 924 (2001). The district court has the discretion to raise the timeliness of a federal habeas petition sua sponte. See *Day v. McDonough*, 547 U.S. 198, 209-10 (2006).

The statute of limitations was tolled during the pendency of the first state habeas petition. See 28 U.S.C. § 2244. Because the petitioner did not file a petition for certification to the Connecticut Supreme Court to appeal the decision of the Appellate Court affirming the dismissal of the first state habeas petition, the statute of limitations period began to run on March 9, 1999, the day following the last day on which a petition for

certification could have been filed.  *See* Conn. Practice Book §
84-4 ("petition for certification shall be filed within twenty
days of . . . date" of official release of appellate court
decision).  Thus, seventy-three days of the statute of
limitations period ran between the completion of the first state
habeas petition and the filing of the second state habeas
petition on May 21, 1999.

The present petition is dated June 27, 2011.  The court
assumes that the petitioner handed his petition to prison
officials for mailing to the court on that date.  Thus, the court
deems the petition for writ of habeas corpus to have been filed
in this court on June 27, 2011.  *See Dory v. Ryan*, 999 F.2d 679,
682 (2d Cir. 1993) (Second Circuit has held that a *pro se*
prisoner complaint is deemed filed as of the date the prisoner
gives the complaint to prison officials to be forwarded to the
court) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).  The
petitioner waited 396 days after the final disposition of his
second state habeas petition on May 26, 2010, to file the present
petition.  Thus, it is apparent that the present petition is
barred by the one-year statute of limitations.

The petitioner is afforded **thirty (30)** days from the date of
this ruling to file an amended petition clearly setting forth his
grounds for relief and to file a notice demonstrating why this
action should not be dismissed as time-barred.  Failure to

4

respond to this order will result in the dismissal of this case. **The Clerk shall send the petitioner an Amended Section 2254 Habeas Corpus Petition form with a copy of this order.**

**SO ORDERED** this 10th day of August 2011, at Bridgeport, Connecticut.

                                         /s/
                               HOLLY B. FITZSIMMONS
                               UNITED STATES MAGISTRATE JUDGE