UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TROY MOZELL, | : | PRISONER CASE |
|     Petitioner | : | NO. 3:11-CV-1108(JCH) |
| | : | |
| v. | : | |
| | : | APRIL 10, 2012 |
| LEO ARNONE, et al | : | |
|     Respondents | | |

## RULING AND ORDER

The petitioner, Troy Mozell, is an inmate currently confined at the Radgowski Correctional Institution in Uncasville, Connecticut.  He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1993 convictions for possession of narcotics with intent to sell and conspiracy to sell narcotics.

The petitioner alleges that a judge sentenced him to a total effective term of imprisonment of seventeen years, suspended after thirteen years, followed by five years probation.  On January 31, 1995, the Connecticut Appellate Court affirmed the conviction.  See State v. Mozell, 36 Conn. App. 672, 678 (1995).  The petitioner did not file a petition for certification to appeal the decision of the Connecticut Appellate Court.

In July 1995, the petitioner filed a petition for a writ of habeas corpus in state court on the ground that he was afforded ineffective assistance of appellate counsel.  In April 1997, the court dismissed the petition.  See Mozell v. Pelkey, No. NNH-CV-95-0376371-S (Conn. Super. Ct. April 24, 1997).  On February 16, 1999, the Connecticut Appellate Court affirmed the dismissal of habeas corpus relief.  See Mozell v. Commissioner of Correction, 51 Conn. App. 818, 824 (1999).  The petitioner then had twenty days to file a petition for certification to the Connecticut Supreme Court.  See

Conn. Practice Book § 84-4.  The petitioner did not file a petition for certification to appeal to the Connecticut Supreme Court.

On May 21, 1999, the petitioner filed a second state habeas petition raising claims of ineffective assistance of trial, appellate and habeas counsel.  On September 25, 2008, a judge denied the petition.  See Mozell v. Warden, 2008 WL 4635837, at *5 (Conn. Super. Ct. Sept. 25, 2008).  On April 6, 2010, the Connecticut Appellate Court affirmed the denial of habeas corpus relief.  See Mozell v. Commissioner of Correction, 120 Conn. App. 902 (2010) (per curiam).  On May 26, 2010, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the Appellate Court.  See Mozell v. Commissioner of Correction, 297 Conn. 906 (2010).

On September 11, 2009, while the second state habeas was pending, the petitioner filed a third state habeas petition raising claims of ineffective assistance of trial, appellate and habeas counsel.  See Mozell v. Warden, TSR-CV-09-4003169-S (Conn. Super. Ct. Sept. 11, 2009).  On February 22, 2012, a Superior Court Judge granted the respondent's motion to dismiss the first, second and third grounds of the petition and granted the petitioner's request to withdraw the fourth ground of ineffective assistance of habeas counsel, with prejudice.  See Resp. Mot. Withdraw, Doc. No. 17, Ex. 1.  The same Superior Court Judge has granted the petitioner's motion for waiver of fees and motion for appointment of counsel on appeal.  See Mozell v. Warden, TSR-CV-09-4003169-S (Conn. Super. Ct. Mar. 21, 2012) (Order vacating Feb. 24, 2012 Order denying of application for waiver of fees and appointment of counsel on appeal and Order granting application for fee waiver and motion for appointment of counsel on appeal).

The petitioner filed the present petition on June 27, 2011, the date he presumably handed it to prison officials for mailing to the court.  See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir.2001) (holding a pro se prisoner habeas petition is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)).  The petition raises three grounds.  The petitioner argues: that counsel afforded him ineffective assistance at trial, counsel afforded him ineffective assistance on appeal to the Connecticut Appellate Court and counsel afforded him ineffective assistance on appeal to the Connecticut Supreme Court.

On February 10, 2012, the respondent moved to dismiss the present habeas petition on the ground that it contained both exhausted and unexhausted claims.  Only the third ground has been fully exhausted in state court.

The Court of Appeals for the Second Circuit has cautioned the district courts not to dismiss a mixed petition where the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d) would bar a subsequent petition filed after having exhausted all grounds for relief in state court.  See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'"); 28 U.S.C. § 2244(d)(1) (one year statute of limitations applicable to federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court).  In the motion to dismiss, counsel for the respondent argued

that dismissal of the present petition would not preclude the petitioner from having all of his claims addressed by the court at a later date as only two and one-half months of the one-year statute of limitations period has elapsed. See 28 U.S.C. § 2244(d)(1).

As indicated above, the Connecticut Appellate Court affirmed the petitioner's conviction on January 31, 1995. See Mozell, 36 Conn. App. at 678. Because the petitioner did not file a petition for certification to the Connecticut Supreme Court, Mozell's conviction became final on February 20, 1995, at the expiration of the twenty-day period within which the petitioner could have filed a petition for certification. See 28 U.S.C. § 2244(d)(1)(A); Conn. Practice Book § 84-4 ("petition for certification shall be filed within twenty days of . . . date" of official release of appellate court decision).

The limitations period under 28 U.S.C. § 2244 did not begin to run, however, until April 24, 1996 because the petitioner's conviction became final before the enactment of the Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 104, 110 Stat. 1214, which amended 28 U.S.C. § 2244 to include a one-year statute of limitations. See Ross v. Artuz, 150 F.3d 97, 102-03 (2d Cir. 1998). The limitations period was tolled during the pendency of the petitioner's first state habeas petition which had been filed in July 1995. See 28 U.S.C. § 2244(d)(2). Because the petitioner did not file a petition for certification to the Connecticut Supreme Court to appeal the decision of the Appellate Court affirming the dismissal of the first state habeas petition, the statute of limitations period began to run on March 9, 1999, the day following the last day on which a petition for certification could have been filed. See Conn. Practice Book § 84-4. The statute of limitations was tolled again on May 21, 1999, when the petitioner filed a second state

habeas petition. Thus, seventy-three days of the statute of limitations period ran between the completion of the first state habeas petition and the filing of the second state habeas petition on May 21, 1999. The limitations period continues to be tolled because the third state habeas petition, filed in September 2009 while the second state habeas petition was still pending, is still pending in state court. Thus, 292 days of the one-year statute of limitations remains.

On February 23, 2010, the respondent moved to stay the action for sixty days to permit her to determine the status of the petitioner's third state habeas petition. On March 14, 2012, the petitioner moved to withdraw the present petition without prejudice to permit him to exhaust all his claims in state court. In response to the motion to withdraw, counsel for the respondent now contends that the court may want to administratively stay this action instead of permitting the petitioner to withdraw it. Counsel argues that there are only three months left of the statute of limitations and the petitioner could be prejudiced if the court were to let him withdraw the action.

Counsel provides no explanation for her current argument that only three months of the one-year statute of limitations remains. The petitioner's third state habeas petition, which was filed in September 2009, remains pending in state court, on appeal. Thus, the statute of limitations has not begun to run again.

Because the petitioner still has over nine months left of the statute of limitations, it would not be appropriate to stay this proceeding while the petitioner exhausts grounds one and two of the petition in state court. Furthermore, the fact that the petitioner may have procedurally defaulted one of the grounds by withdrawing it from his amended state habeas petition is not a basis for staying this action.

**Conclusion**

The Motion to Withdraw the Petition for Writ of Habeas Corpus [**Doc. No. 16**] is **GRANTED**.  The case is **DISMISSED** without prejudice pursuant to Rule 41(A)(2), Fed. R. Civ. P.  The Motion to Dismiss [**Doc. No. 11**] and Motion to Stay [**Doc. No. 14**] are **DENIED** as moot.

**SO ORDERED** this 10th day of April 2012, at Bridgeport, Connecticut.

      /s/ Janet C. Hall
JANET C. HALL
UNITED STATES DISTRICT JUDGE